submission to the jury. Therefore the Mill Creek Company, and not the Leckie Company, was the vendor, and the proper plaintiff in a suit on a contract for the sale of coal to the Tildesley Company. That the Leckie Company was in effect released as guarantor of this contract by the Mill Creek Company's counter guaranty to it in order to obtain its consent to the sale; that payment by the Tildesley Company was to be, and in part was, made to the Leckie Company; that payment was made by the Leckie Company to the Mill Creek Company in the regular course of their business dealings; and that subsequently, on the Tildesley Company's refusal to make further payments to the Leckie Company, the amount remaining unpaid to that company was charged back by it to the Mill Creek Company—do not alter the relation of the parties. Equally clear it is that the Tildesley Company's letter of November 11, 1920, was no repudiation of its obligation to accept the coal, but was only a proposal to repudiate, which proposal was refused by the Mill Creek Company's reply of November 15th. The judgment is affirmed.

———

UNITED STATES of America ex rel. JOE SHEW, Next Friend of Lee Sear She, Relator-Appellant, v. W. L. JAMES, Master, etc., and A. W. Brough, Acting United States Chinese Inspector in Charge at the Port of New York, Respondents-Appellees. (Circuit Court of Appeals, Second Circuit. April 7, 1924.) No. 297. Appeal from the District Court of the United States for the Eastern District of New York. The opinion of Garvin, District Judge in the court below follows: "Lee Sear She has been brought before the court on a writ of habeas corpus issued upon a petition which alleges that the relator is restrained of his liberty by the master of the steamship Rosalind and by the acting Chinese inspector in charge at the port of New York; it being the contention of the immigration authorities that he is not admissible to the United States and should be deported as a Chinese alien, not a member of any of the exempt classes entitled to come into and remain in the United States. The relator objects to his proposed deportation from the United States to Canada, from whence he came, and asserts that the reason for his proposed deportation is the refusal of the United States Chinese inspector at New York to entertain and receive relator's application for admission to this country, upon the ground that there was a prior refusal or denial of an application made by relator for admission as a citizen, which was followed by his deportation to Canada pursuant to such denial. The petition further alleges that the previous decision excluding relator was made without due process of law, was accomplished in a summary and arbitrary manner, without a hearing held in accordance with law, and that the relator was deported without opportunity to confer with counsel or take other steps to review the illegal action of the board of special inquiry at the port of New York, which excluded relator without first granting to him a hearing by a board of special inquiry, composed of three members, as required by law. The petition further alleges that the hearings before the said board of special inquiry were arbitrary and unfair, and that the rights of the relator were prejudiced, and the conclusion reached by the Department of Labor on the evidence submitted was contrary to the evidence and should be set aside; that inadmissible evidence was received upon the hearings before the board, and that the conduct of the hearings was such as to involve manifest abuse of discretion of departmental officers. It would be advisable for an applicant in a proceeding of this character to tell the truth. The record showed that he was not deported to Canada, but to China, via Canada, and that he left the ship upon which he had been placed by the authorities at Halifax, obviously with assistance and by the improper connivance of some law breaker: Let him comply with sections 3 and 18 of the Immigration Act of February 5, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 4289¼b, 4289¼j). Upon the papers submitted, I do not believe that the board which heard his case was illegally constituted or that he did not have a fair hearing. Writ dismissed." Miele & Castellano, of New York City (Roger O'Donnell, of Washington, D. C., of counsel), for appellant. Ralph C. Greene, U. S. Atty., of Brook-

lyn, N. Y. (Wm. A. De Groot, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States. Before ROGERS, HOUGH, and MANTON, Circuit Judges.

PER CURIAM. Order affirmed.

---

UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION, Plaintiff in Error, v. GUSTAV NOX, Defendant in Error. (Circuit Court of Appeals, Second Circuit. April 11, 1924.) No. 275. In Error to the District Court of the United States for the Southern District of New York. Writ of error to the District Court for the Southern District of New York. William Hayward, U. S. Atty., of New York City (Nathan A. Smyth, of New York City, and J. A. Dreyer, of counsel), for plaintiff in error. Edgar J. Treacy, of New York City, for defendant in error. Before HOUGH, MANTON, and MAYER, Circuit Judges.

PER CURIAM. The judgment herein was affirmed, with costs, in open court. This memorandum is to explain of record our affirmance. The action, one for personal injuries, having been tried at law in the District Court, a writ of error issued and a bill of exceptions, so-called, was filed. Under compelling authority, and in response to due motion, we struck out the bill of exceptions as having been illegally signed and filed. This left nothing before us but the judgment roll. On that judgment roll plaintiff-in-error offered to argue the proposition that the court below had no jurisdiction. We express no opinion as to whether the point as explained in counsel's opening possesses merit or not; but we find nothing in the judgment roll presenting the proposition to us. Examining the roll alone and nothing else, we find the proceedings regular; hence affirmance as above noted.

END OF CASES IN VOL. 297